IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



DENNIS GARCIA, §
　§
　　Plaintiff, §
　§
VS. § NO. 4:16-CV-963-A
　§
UNITED STATES OF AMERICA, §
　§
　　Defendant. §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, United States of America, for summary judgment. Plaintiff, Dennis Garcia, has failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted.

I.

### Plaintiff's Claims

Plaintiff brings this action pursuant to the Federal Tort Claims Act ("FTCA"), raising claims of medical malpractice. Plaintiff says that he suffered severe eye pain and headaches unnecessarily for years, from 2012 until January 2016, when his right eye was removed. Doc.[1] 1.

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

## II.

## Ground of the Motion

Defendant says that plaintiff's failure to designate an expert to establish the standard of care and breach thereof is fatal to his claims.

## III.

## Applicable Legal Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its

case.  Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . .").  If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986).  In Mississippi Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[2]  Celotex Corp., 477 U.S. at 323.  If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

---

[2] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

IV.

## Analysis

The FTCA authorizes civil actions for damages for medical malpractice under circumstances in which a private person would be liable under the substantive law of the state where the alleged wrongful acts occurred. Hannah v. United States, 523 F.3d 597, 601 (5th Cir. 2008). Plaintiff alleges that the malpractice occurred in Texas. Thus, to prevail on his claims, plaintiff must prove (1) the physician's duty to act according to an applicable standard of care; (2) a breach of that duty; (3) an injury; and (4) a causal connection between the breach of care and the injury. Id.; Quijano v. United States, 325 F.3d 564, 567 (5th Cir. 2003). The standard of care in Texas is one of ordinary care "to render care to a patient with the degree of ordinary prudence and skill exercised by physicians of similar training and experience in the same or similar community under the same or similar circumstances." Hollis v. United States, 323 F.3d 330, 336 (5th Cir. 2003). To establish breach of that standard of care, the plaintiff must show that the act or omission of the physician fell below the appropriate standard of care and was negligent. Id. And, unless the mode or form of treatment is a matter of common knowledge within the experience of laymen, expert testimony is necessary to establish the standard of care

4

and breach thereof. Hannah, 523 F.3d at 601-02; Jelinek v. Casas, 328 S.W.3d 526, 533 (Tex. 2010).

Here, plaintiff's claims arise out of the diagnosis and treatment of vision loss in his right eye leading to its enucleation. Expert testimony is clearly required. Plaintiff was required to designate experts by March 25, 2017 (120 days before trial). Doc. 13 at 5, ¶ 14. He has not done so. Nor has he come forward with any summary judgment evidence to establish his claims.

V.

Order

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on his claims against defendant; and that such claims be, and are hereby, dismissed.

SIGNED June 9, 2017.

JOHN McBRYDE
United States District Judge